## Matter of Discontinuing and Closing West One Hundred and Fifty-first Street between Riverside Drive and the Hudson River.

(Supreme Court, New York Special Term, November, 1914.)

City of New York — presentation of claims to comptroller for damages for closing street — proceeding to close street under statute — when statute regulating proceedings to close street not exclusive — Greater New York Charter.

> The presentation of claims to the comptroller of the city of New York for damages for the closing of a street pursuant to section 5 of chapter 1006 of the Laws of 1895 is not a condition precedent to a proceeding instituted by the corporation counsel under a resolution of the board of estimate and apportionment.

> The statute (Laws of 1895, chap. 1006, § 5), regulating proceedings on complaint of property owners to ascertain the damage caused by the closing of a street, is not exclusive, but the board of estimate and apportionment under section 243, as amended, and section 442 of the Greater New York Charter may direct the corporation counsel to institute such a proceeding.

> Where a proceeding to close a street is instituted under section 3 of said statute of 1895, provisions of section 2 thereof do not apply.

Motion to vacate and set aside the above entitled proceedings.

Truman H. and George E. Baldwin, for property owners and motion.

Frank L. Polk, corporation counsel (L. Howell La Motte, of counsel), opposed.

James A. Deering, for property owners, opposed.

Giegerich, J. This motion to vacate and set aside this proceeding brought to ascertain and determine

the compensation to be paid for discontinuing and closing West One Hundred and Fifty-first street, in the borough of Manhattan, is made by certain property owners against whom assessments for the expense of such discontinuance and closing have been laid. The first ground urged in support of the motion is that the court has no jurisdiction by reason of the failure of the claimants for damages to present their claims to the comptroller pursuant to section 5, chapter 1006, of the Laws of 1895, it being argued in support of the motion that such presentation is a condition precedent to the valid institution of a proceeding of this character. It may be that the filing of such claims is necessary to make it the duty of the corporation counsel to take such proceedings as are provided in the section referred to; but the present proceeding was not instituted by the corporation counsel under that section, but was instituted by him under direction of the board of estimate and apportionment duly given by resolution that the corporation counsel should institute the proceeding. I do not think that the statute referred to (Laws of 1895, chap. 1006, § 5) is intended to be exclusive and to provide the only way by which such proceedings shall be instituted, but is intended only to provide a way by which aggrieved property owners may compel the institution of such a proceeding if the board of estimate and apportionment, the customary source of the initiation of such proceedings, should fail to act in any particular case. The power to institute such proceedings formerly was vested in the board of street opening and improvement. Consol. Act of 1882, § 955, as amd. by Laws of 1884, chap. 17. By the Greater New York Charter of 1897 and its amendatory act of 1901 this power, formerly residing in the board of street opening and improvement, was transferred to the

Supreme Court, November, 1914. [Vol. 87.

board of estimate and apportionment. See Greater New York Charter of 1897, § 243, and its amendatory acts. By section 442 of the same charter the board of estimate and apportionment was also expressly given broad powers as to laying out, opening and closing streets. Without further reference to the statutes and decisions cited in support of the regularity of the proceeding in the briefs before me, it may be taken as established that the board of estimate and apportionment had power to institute the proceeding in the way it did. The second ground upon which the jurisdiction of the court is attacked is the claim made that damage has not yet accrued to any person because One Hundred and Fifty-first street has not yet been legally closed and cannot be until some other street bounding the blocks damaged on at least one side has been physically opened to public use, and that no such street has been so physically opened in this case. This argument is based upon the assumption that the present proceeding was brought under section 2 of chapter 1006 of the Laws of 1895. The proceeding was not brought under section 2, however, but under section 3, and the statutory provisions upon which the above proposition challenging the jurisdiction of the court in this proceeding is based are found in section 2 but not in section 3. The motion to vacate the proceeding is therefore denied, with ten dollars costs.

Motion denied, with ten dollars costs.